837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles M. GILLIS, Plaintiff-Appellant,
v.
Verne ORR, Secretary of the United States Air Force,
Defendant-Appellee.
 No. 87-1590.
 United States Court of Appeals, Federal Circuit.
 Dec. 10, 1987.
 
 Before RICH, DAVIS and BENNETT, Circuit Judges.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The order of the United States District Court for the Eastern District of North Carolina, No. 86-1284-CIV-5 (Apr. 8, 1987) dismissing the appellant's suit on grounds of res judicata is affirmed. The imposition of sanctions in the amount of $493.25 for violating Rule 11 of the Federal Rules of Civil Procedure is also affirmed.
 
 OPINION
 
 2
 This is the third time that the appellant has brought the same general claims into the federal courts. Gillis is a former Master Sergeant in the United States Air Force. In 1976, while he was serving in the final months of his 20 years of service, he was arrested and convicted of conspiracy to import heroin. His retirement with an honorable discharge, which had not yet become effective, was rescinded. Following hearings at which he was represented by counsel, an administrative board of officers determined that Gillis should be discharged for misconduct. After administrative review of this decision proceeded through the chain of military command to the office of the Secretary of the Air Force, Gillis was discharged under other than honorable conditions. He appealed the terms of his discharge without success through both the Air Force Discharge Review Board and the Air Force Board for Correction of Military Records. Having exhausted his administrative remedies, Gillis brought an action in the United States District Court for the Eastern District of North Carolina in 1983 to have the decisions of the review boards overturned and his discharge upgraded. He was represented by counsel in that suit. In a carefully reasoned opinion the court found that the review boards had properly considered Gillis' conviction as part of the record upon which their decision was based, and that the actions of the Air Force and the boards were not arbitrary or capricious. The court granted summary judgment in favor of the Government. Gillis v. Orr, No. 83-58-CIV-8 (E.D.N.C. Sept. 19, 1984). The Fourth Circuit affirmed. Gillis v. Orr, No. 84-2250 (4th Cir. Apr. 23), cert. denied, 106 S.Ct. 239 (1985). These proceedings represented the administrative and judicial reviews to which the appellant was fully entitled.
 
 
 3
 Appellant has continued to try to litigate, pro se, the characterization of his discharge. He brought a new action in the district court in 1985 advancing additional arguments why he should be granted an honorable discharge. The court found that he was trying to relitigate the same claim presented in the prior action, and dismissed on grounds of res judicata. Gillis v. Orr, No. 85-1617-CIV-5 (E.D.N.C. Feb. 4, 1985). His appeal to the Fourth Circuit was transferred to the Federal Circuit, as was the present appeal, since appellant's claim for relief in the form of "retirement benefits by reason of length of service" states a claim under 28 U.S.C. Sec. 1346(a)(2). The dismissal on grounds of res judicata was affirmed. Gillis v. Orr, No. 86-1301 (Fed.Cir. Oct. 14, 1986).
 
 
 4
 Gillis then brought yet another complaint in the district court repeating virtually the same arguments, which was again dismissed on grounds of res judicata. Gillis v. Orr, No. 86-1284-CIV-5. The court stated that it "must do something to impress on plaintiff that he cannot continue to file this same lawsuit, thereby harassing the defendant and wasting the time of this and other courts." The court found the filing of the complaint to be a violation of Rule 11 of the Federal Rules of Civil Procedure, and imposed a sanction of $493.25 for the time and expenses incurred by the Government.
 
 
 5
 The well-established doctrine of claim preclusion or res judicata states that if a claim or cause of action has been litigated to a final judgment on the merits, the same claim or cause of action cannot be litigated again. This is so even if some relevant legal issues, evidence or arguments were not presented in the first action. Young Engineers, Inc. v. United States Int'l Trade Comm'n, 721 F.2d 1305, 1314 (Fed.Cir.1983). The cause of action in the first court suit encompassed appellant's effort to change the terms of his discharge from the Air Force, and also any remedies that would flow from this change such as back pay, reinstatement of benefits, or equivalent payments. In the first suit the appellant was represented by counsel who should have impressed upon him that the result would be binding not only with respect to the issues that were raised but also for all issues which could have been appropriately raised. Since the first action resulted in a final judgment on the merits in a court with proper jurisdiction, all further litigation of this claim in the federal courts is barred. The dismissal on grounds of res judicata was appropriate.
 
 
 6
 The dismissal of the second suit on grounds of res judicata should have given the appellant clear notice that this matter was settled. Instead he has returned to court attempting to retry his case and, indeed, to make essentially the same arguments as in his second suit. The assessment against the appellant of the costs to the Government of defending against this third suit was a justified and proper exercise of the court's power to impose sanctions for violations of Rule 11.
 
 
 7
 While the rules of res judicata completely dispose of this case, appellant should be made aware that, even if the additional arguments which he wished to raise had been presented in the original action, it is extremely unlikely that the result would have been different. The case on which the appellant relies, Roelofs v. Secretary of the Air Force, 628 F.2d 594 (D.C.Cir.1980), is squarely contrary to his position. The court in Roelofs held that the regulation which the appellant wishes to challenge, Air Force Manual 39-12, is legally valid and that under that regulation the Air Force has the right to discharge on less than honorable terms any servicemen who are convicted in a civilian court. Id. at 597-98. The court found that participation in a conspiracy to distribute drugs can legitimately be considered to be the kind of offense that impairs the quality of military service and that justifies an undesirable discharge. Id. at 597, n. 16. Appellant argues that there is something illegal about the disparity in the treatment of his co-conspirators, in that some other members of the same drug conspiracy received honorable discharges. On the contrary, the court found nothing improper and instead approved of giving the Air Force the discretion to evaluate specific circumstances and to grant honorable discharges to some convicted servicemen while giving less desirable discharges to others. Id. at 598.
 
 
 8
 Appellant also suggests that 10 U.S.C. Sec. 8914 provides grounds for relief. Section 8914 gives the Air Force the power to grant retirement to enlisted personnel who have served at least 20 years, but it does not confer on a member of the service any right to the requested retirement or to an honorable discharge irrespective of the member's behavior prior to retirement. Thus, the appellant should not harbor the illusion that the application of the principles of res judicata has robbed him of judicial relief which he would otherwise have gained.
 
 
 9
 The appellant must be given to understand that all of his legal appeals are now complete, and that further attempts to litigate this matter in the federal courts may result in stiffer sanctions.